# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00048-MR
# CRIMINAL CASE NO. 1:18-cr-00107-MR-WCM-1

| | |
|---|---|
| SAHEED JAMAL GRANT, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. Also pending is the Respondent's Motion to Seal [Doc. 10].

**I.     BACKGROUND**

The Petitioner was charged with a single count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:18-cr-107 ("CR"), Doc. 1]. He pleaded guilty to that offense pursuant to a written Plea Agreement. [CR Doc. 13 at ¶ 1]. In the Plea Agreement, the Petitioner acknowledged, *inter alia*, that his maximum sentencing exposure was a maximum of 10 years' imprisonment,

but that this would increase to a minimum mandatory sentence of 15 years' imprisonment and a maximum of life if the Petitioner were found to be an armed career criminal under the Armed Career Criminal Act (ACCA). [CR Doc. 13 at ¶ 4]. The Petitioner expressly agreed to waive his appellate and post-conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at ¶¶ 17-18].

A Rule 11 hearing was held before the Honorable W. Carleton Metcalf, United States Magistrate Judge, on December 7, 2018. [CR Doc. 41]. The Petitioner stated, under oath, that he and counsel had reviewed the Indictment and the Plea Agreement together. [Id. at 5]. Judge Metcalf read aloud Count One of the Indictment to which the Petitioner was pleading guilty, explained the elements of the offense, and advised the Petitioner of his sentencing exposure of a maximum of 10 years' imprisonment, which could rise to a minimum of 15 years' imprisonment and a maximum of life if he were determined to be an armed career criminal. [Id. at 6-8]. The Petitioner stated that he understood the charge against him, including the maximum and minimum penalties and the elements of the offense. [Id. at 8-9].

The Presentence Investigation Report ("PSR") calculated the base offense level as 14 because the offense was a violation of 18 U.S.C. §

922(g)(1) pursuant to U.S.S.G. § 2K2.1(a)(6).[1] [CR Doc. 25 at ¶ 12]. Two levels were added because the Petitioner was in possession of a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4)(A). [Id. at ¶ 13]. This resulted in an adjusted offense level subtotal of 16. [Id. at ¶ 17]. However, the Petitioner qualified as an Armed Career Criminal as defined in 18 U.S.C. § 924(e) because he had three previous convictions for violent felonies (North Carolina felony breaking and entering) that were committed on occasions different from each other on June 28, 2015 [see CR Doc. 25 at ¶ 26; Doc. 6-1 (Judgment); Doc. 7 (Information)], December 11, 2015 [see CR Doc. 25 at ¶ 27], and December 12, 2015 [see id.; Doc. 6-2 (Judgment), Docs. 8, 9 (Information)]. [Id. at ¶ 18]. Accordingly the offense level was increased to 33. [Id.]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. [Id. at ¶¶ 19-21]. The Petitioner had eight criminal history points, resulting in a criminal history category of IV. [Id. at ¶¶ 29-30]. The resulting guideline range was 135 to 168 months' imprisonment; however, the statutorily required sentence of 180 months' imprisonment became the guideline range. [Id. at ¶ 52].

---

[1] This Base Offense Level is questionable, but is irrelevant in light of the Petitioner's ACCA designation.

The Court sentenced Petitioner to 180 months' imprisonment followed by three years of supervised release. [CR Doc. 31]. On direct appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967) stating that there are no meritorious grounds for appeal, but raising as a possible issue for review the continued validity of the armed career criminal sentence. The Petitioner filed pro se briefs challenging the guideline range calculation, raising claims of ineffective assistance of counsel, and suggesting that his conviction is invalid pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019). With regard to his sentence, the Petitioner argued that the armed career criminal enhancement was invalid because the breaking and entering convictions were not separated by an intervening arrest and the sentences were imposed on the same day. [See 4th Cir. No. 19-4267, Docs. 41, 46]. The Fourth Circuit affirmed the Petitioner's conviction and sentence, and it declined to address the claims of ineffective assistance of counsel as not cognizable on direct appeal. United States v. Grant, 2022 WL 385537 (4th Cir. Feb. 8, 2022).

The Petitioner filed the instant § 2255 action in this Court on February 19, 2023.[2] [See Doc. 1]. The Government has filed a Response in

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

4

opposition. [Doc. 6]. The Government has moved to seal several of the Response exhibits to prevent the disclosure of crime victims' personal identifying information. [Doc. 10]. The Petitioner has not replied to the Response or responded to the Motion to Seal, and the time to do so has expired. [See Doc. 3 (granting Petitioner 21 days to reply); June 23, 2023 Text-Only Order (extending the time to reply to July 17, 2023)]. This matter is ripe for disposition.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by the Petitioner can be resolved without an

5

evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Sentence Calculation

In his motion, the Petitioner argues that the armed career criminal enhancement was improper.  Specifically, he contends that his prior breaking and entering convictions should not have been counted as separate predicate convictions because they were not separated by an arrest, and because they occurred during a crime spree on a single occasion.

To the extent that the Petitioner challenges the calculation of his sentence, such challenges were waived by his knowing and voluntary guilty plea, which expressly waived the Petitioner's post-conviction and appellate rights except for claims of prosecutorial misconduct or ineffective assistance of counsel.  See generally United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("a guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges"); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (an appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made); United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005) (the Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights

from a waiver of collateral-attack rights in a plea agreement). The Petitioner's present sentencing claim falls within the Petitioner's express post-conviction waiver and, accordingly, he is barred from raising them in this § 2255 proceeding.

Even if the Petitioner were not barred by the appellate waiver, his claim would still be dismissed. The Petitioner already argued on direct appeal that his predicate convictions should not have been counted as separate ACCA predicates because they were not separated by an intervening arrest. [See 4th Cir. No. 19-4267, Docs. 41 at 2 (Pro Se Brief), 46 at 1-2 (Supplemental Pro Se Brief)]. The Fourth Circuit rejected that argument, finding that the Petitioner's sentence was procedurally and substantively reasonable, and that his guidelines range was correctly calculated. Grant, 2022 WL 385537, at *2. The Petitioner will not be allowed to relitigate the same claim here.[3] See United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004) (claims that were addressed on direct appeal cannot be raised again in a § 2255 proceeding).

---

[3] Even if the Petitioner were permitted to raise such claim, it would be dismissed as meritless. Whether convictions are separated by an intervening arrest is a point-counting issue for the purpose of calculating a defendant's criminal history category. See U.S.S.G. § 4A1.2(a)(2). It is simply irrelevant to the determination of a defendant's armed career criminal status under § 924(e).

7

Additionally, the Petitioner's argument that his breaking and entering convictions were not "committed on occasions different from one another" because they were part of a crime spree, is procedurally defaulted from § 2255 review. 18 U.S.C. § 924(e)(1). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") (internal citations omitted). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. Murray v. Carrier, 477 U.S. 478, 494 (1986). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. Id. at 496.

Here, the Petitioner has not demonstrated cause and prejudice, nor can he claim actual innocence that would excuse his procedural default. See generally United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010) (legal argument that a conviction should not be classified as a violent felony under the ACCA is not a cognizable claim of actual innocence that would excuse procedural default); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (guideline miscalculations do not amount to a "miscarriage of justice" such that they are cognizable on collateral review).

Even if the Petitioner had not procedurally defaulted this claim, he would not be entitled to relief because his claim lacks merit. In Wooden v. United States, 142 S.Ct. 1063, 1069 (2022), the Supreme Court explained that one "occasion" is determined by using a "natural construction" of that term, as an "ordinary person using language in its normal way." The Court explained:

> Timing of course matters, though not in the split-second, elements-based way the Government proposes. Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

9

Id. at 1071.

The Supreme Court noted that "[i]n many cases, a single factor – especially of time or place – can decisively differentiate occasions. Courts, for instance, have nearly always treated offense as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" Id. "At sentencing, the government bears the burden of proving that the defendant has three prior ACCA-qualifying convictions committed on different occasions, but in collateral proceedings, the burden shifts to the defendant, who must prove that contemplated convictions do not qualify under the ACCA." United States v. Benton, 24 F.4th 309, 314 (4th Cir. 2022).

Here, the PSR indicates that the Petitioner burglarized three different residences on three separate days. [CR Doc. 25 at ¶¶ 26-27]. The Petitioner admitted these facts by failing to challenge their accuracy in the criminal case. See United States v. Fowler, 58 F.4th 142 (4th Cir. 2023) (a defendant has an affirmative duty to show that the information in a PSR is unreliable; without such a showing, the government meets its burden of proving those facts by a preponderance of the evidence and the court is free to adopt the findings of the PSR without more specific inquiry or information). Further, the Petitioner acknowledged on direct appeal that his December breaking and entering offenses were committed on two different dates. [See 4th Cir.

Case No. 19-4267 Doc. 41 at 2 (referring to "my breaking and entering charge committed on December 11th, 2015 (case # 15CRS9317) and my breaking and entering charge committed on December 12th, 2015 (Case # 15CRS93183….")]; Fed. R. Evid. 201. The first and second burglaries are separated by five and-a-half months, and the second and third burglaries are separated by a day. Therefore, according to Wooden, these offenses occurred on separate occasions and they were scored separately for purposes of § 924(e)(1). Id. The Petitioner's vague and conclusory argument that the December 11 and December 12 offenses were part of a "crime spree" fails to demonstrate that the armed career criminal enhancement was erroneously applied. [Doc. 1 at 4-5]; Benton, 24 F.4th at 314. The Petitioner's sentencing challenges are waived, procedurally defaulted, and meritless. Accordingly, they are dismissed and denied.

**B.  Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on

11

whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670. When applying the Strickland prejudice test in the context of sentencing, "any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203 (4th Cir. 2001).

The Petitioner's claims that counsel was ineffective for failing to argue at sentencing that the Petitioner's prior convictions were not separated by intervening arrests and that they occurred on a single occasion are meritless

12

for the reasons discussed in Section A, *supra*. As such, the Petitioner cannot show that counsel was ineffective for failing to raise these frivolous claims, or that there is any reasonable probability that he would have received a lower sentence had counsel raised them. The Petitioner's claims of ineffective assistance of counsel are, therefore, denied.

### C. Motion to Seal

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow

13

interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see LCvR 6.1.

The Government has moved to seal three exhibits to its Response, in order to prevent the disclosure of crime victims' personal identifying information. [Doc. 10; see Docs. 7, 8, 9]. The public has been provided with adequate notice and an opportunity to object, as the Motion to Seal was docketed on June 5, 2023 and has accessible to the public through the Court's electronic case filing system since that time. The Court finds that there is a compelling government interest in sealing the documents to protect the privacy of crime victims. See Public Citizen, 749 F.3d at 246 (noting that courts have found interests sufficiently compelling to protect the privacy rights of trial participants such as victims or witnesses). However, the Court finds that there is a less drastic alternatives to sealing. It appears that redacting the subject documents would serve the same interests as sealing them, and reaction is a suitable less-drastic alternative. The Government's Motion to Seal is, therefore, granted insofar as unredacted Exhibits 3, 4, and 5 will remain permanently sealed in the Court's record. However, the Motion

14

is denied insofar as the Government will be instructed to file redacted versions of Exhibits 3, 4, and 5 that will be publicly available on the Court's website. [Docs. 7, 8, 9].

## IV. CONCLUSION

For the reasons stated herein, the Petitioner's Motion to Vacate is dismissed and denied, and the Government's Motion to Seal is granted in part and denied in part.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DENIED AND DISMISSED.**

2. The Respondents' Motion to Seal [Doc. 10] is **GRANTED IN PART AND DENIED IN PART**. The Clerk is instructed to permanently seal unredacted Exhibits 3, 4, and 5 [Docs. 7, 8, 9]. The Respondent is **ORDERED** to file redacted versions of Exhibits 3, 4, and 5 within **fourteen (14) days** of this Order.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 31, 2023

Martin Reidinger
Chief United States District Judge